ALEXANDER J. TURGEON *vs.* HILDA TURGEON.

OCTOBER 31, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This proceeding was brought by a wife to have her former husband held in contempt for failure to make payments as ordered by a final decree of divorce. After a hearing before a justice of the superior court a decree was entered adjudging the husband to be in contempt in that he is in arrears in the sum of $1,708.50 in his payments for support of the minor child of the parties. It is before us on the husband's appeal from that decree.

The petitioner in the divorce case, Alexander J. Turgeon, is the respondent in the instant proceeding and we shall sometimes hereinafter refer to him as the respondent. Hilda Turgeon will sometimes be referred to herein as the petitioner.

It appears from the record that the parties were married on November 17, 1945 and of this marriage a son was born. On October 3, 1950 the husband filed a petition for divorce and on October 10, 1950 the wife filed her motion in the nature of a cross-petition. A temporary decree was entered October 26, 1950 awarding custody of the minor child to her and ordering the husband to pay $15 weekly for the child's support. It was specifically provided that the child should reside with Hubert and Blanche Turgeon, his uncle and aunt, and that the $15 weekly allowance for support of the child should be paid directly to them.

After a hearing on the divorce petition and the motion in the nature of a cross-petition, a decree was entered July 6, 1953 denying the husband's petition, granting the cross-petition of the wife and awarding her custody of the minor child, and ordering the husband to pay $15 weekly for the child's support. This decree makes no reference as to the actual residence of the child with his uncle and aunt, or payment to them of the allowance for support as was provided in the temporary decree of October 26, 1950.

On April 13, 1954 a decree was entered adjudging the husband in contempt of previous decrees of the court in that he was in arrears in the sum of $1,000, and permitting him to purge himself "by continuing to make the regular payments henceforth."

On September 3, 1959 the husband filed a petition seeking custody of the minor child and on October 16 counsel for the wife filed the instant petition to adjudge him in contempt. As previously stated, we shall therefore hereafter refer to him as the respondent and to the wife as the petitioner.

The transcript reveals that following the decree of April 13, 1954 adjudging respondent in contempt, the child continued to live with his uncle and aunt. Hubert Turgeon is the brother of respondent, and his wife Blanche is the sister of petitioner.

The petitioner did not appear and all testimony in her behalf was given by Blanche M. Turgeon, except that which was elicited from respondent who had been subpoenaed under the statute, general laws 1956, §9-17-14. Counsel objected to the calling of respondent as a witness on the ground that, since a finding of contempt could result in a fine, imprisonment, or both, forcing him to testify would violate his constitutional rights against self incrimination. The trial justice first held that the respondent need not testify, but immediately thereafter ordered him to be sworn, leaving the question of self incrimination to develop on interrogation.

Blanche M. Turgeon testified that from sometime in 1950 until June 5, 1956 the child resided with her and her husband; that the payments for support of the child were made to her; and that she personally kept a record of and gave a receipt to respondent for each such payment. She further testified that no claim was being made for the child's support after June 5, 1956. The record kept by the witness was admitted in evidence over respondent's objection and shows that for the period claimed the amount payable was $4,290 and that respondent had in fact paid $2,581.50, leaving a balance due of $1,708.50.

The respondent testified that he sometimes made payments to his brother and at other times to petitioner. He produced some receipts in the form of money order stubs, but testified that other receipts were lost or misplaced, insisting throughout, however, that he had made payment in full.

He further testified that sometime in 1955 or 1956 the judgment for $1,000 in the 1954 decree had been paid under

an arrangement made between himself, his brother, and petitioner. This testimony was uncontradicted since neither respondent's brother nor petitioner testified.

His explanation of the "arrangement" was that his brother had owed him for an automobile which he acquired in February 1942, for some carpenter's tools, for services rendered to his brother in 1953 or 1954 in the construction of his brother's store, and for assistance he gave to petitioner when the latter was evicted from her home.

The trial justice found that the actual care of the child by Blanche Turgeon and her husband was satisfactory to respondent and that in making payments to her there was substantial compliance with the decree. He also did not believe respondent's version of how payments had been made through an "arrangement" and found respondent in contempt in that he was in arrears to the amount of $1,-708.50.

The respondent has assigned seven reasons of appeal, including the usual reasons that the decree is against the law, the evidence and the weight thereof. These together with the remaining reasons were briefed and argued before us and it is in that posture that we have considered them.

The respondent first contends that the trial justice should not have entertained the petition for the reason that no testimony was offered by petitioner. This contention is without merit. The petition was filed by counsel of record and the testimony of petitioner was not essential to the propriety of a hearing thereon. If any were offered it would relate only to the quantum of proof.

It is further contended by respondent that the court erred in requiring him to testify since a determination that he was in contempt could result in a fine, imprisonment, or both and, his testimony constituting self incrimination, the ruling by the trial justice was therefore a violation of his constitutional rights guaranteed by article I, sec. 13, of the state constitution. The respondent misconceives the nature

of these proceedings. They are civil, not criminal, despite the power of the court to punish by fine or imprisonment, since the contempt alleged would not constitute a crime if proved. The respondent, therefore, could not refuse to testify unless during the course of his testimony he were asked a question which if answered would incriminate him, and it would be for the court to pass on the question at that time. *In Re Werner*, 46 R. I. 1.

The respondent urges, however, that when the trial justice ruled that respondent could not be required to testify, his ruling became the law of the case and his subsequent change of mind was error. This contention is without merit. The determination of respondent's rights as a witness still remained within the control of the trial justice and the cases cited to us by respondent on this issue are not in point. The action of the trial justice was well within the rule of "locus penitentiae" as expressed in 53 Am. Jur., Trial, §114, p. 100. See also *Hicks* v. *New York, N.H. & H. R.R.*, 164 Mass. 424.

The respondent next contends that the trial justice erred in admitting into evidence the records kept by Blanche Turgeon as to the payments made by respondent for the child's support. He argues that they are immaterial, irrelevant, and without probative force, since the decree requires that payments should be made to petitioner. We are not persuaded that respondent's position is well taken. The witness testified that all payments were made to her; that she made a record of each payment; and that the records were kept in her own handwriting and were accurate.

The trial justice found that there was an apparent agreement between the parties that payment to the person actually caring for the child was compliance within the spirit · of the decree. The temporary decree of October 26, 1950 specifically provided for actual residence of the child with Blanche Turgeon and her husband and that payments should be made directly to them. Although the decree of

July 6, 1953 does not provide that payments should be made directly to them, neither does it provide that payments should be made to petitioner. We think it not unlikely that the parties continued an arrangement agreed upon at the outset of the litigation.

The respondent's remaining contentions are without merit. The trial justice did not err when he stated that he disbelieved respondent's story about an "arrangement" whereby the judgment for $1,000 had been satisfied. He gave his reasons for refusing to believe the respondent and we cannot say that he was clearly wrong. The case of *Jackowitz v. Deslauriers*, 91 R. I. 269, 162 A.2d 528, cited by the respondent is not controlling. There the trial justice failed to impeach the uncontradicted testimony relied upon.

Nor can the respondent argue here that testimony as to arrears in payments prior to the decree of April 13, 1954 was inadmissible since he failed to preserve his objection thereto by a specific reason of appeal.

The appeal of the respondent Alexander J. Turgeon is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum, Alfred Factor,* for petitioner Hilda Turgeon.

*Philip M. Hak,* for respondent Alexander J. Turgeon.